FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 21 2018

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JAMES WORLEY, Individually and on
Behalf of All Others Similarly Situated**                                        PLAINTIFF

vs.                                   No. 4:18-cv-570-SWW

**RINECO CHEMICAL INDUSTRIES, INC., and
HERITAGE ENVIRONMENTAL SERVICES, LLC**                                DEFENDANTS

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff James Worley ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Sean Short, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Class and Collective Action against Defendants Rineco Chemical Industries, Inc., and Heritage Environmental Services, LLC ("Defendants"), and in support thereof he does hereby state and allege as follows:

### I.     INTRODUCTION

1.     This is a class and collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.     Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendants' policy and practice of

This case assigned to District Judge __Wright__
and to Magistrate Judge __Deere__

failing to pay Plaintiff and other similarly situated individuals proper overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3. Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as his FLSA claims.

6. This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. Defendants conduct business within the State of Arkansas, with their principal place of operation being in Little Rock.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

9. Plaintiff was employed at Defendants' business located in the Eastern District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Eastern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.     THE PARTIES

10.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully incorporated in this section.

11.     Plaintiff is a citizen of the United States and a resident of and domiciled in the State of Arkansas.

12.     Plaintiff has been employed by Defendants as a production worker for the past 15 years.

13.     During Plaintiff's employment, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA and the AMWA and paid Plaintiff an hourly rate.

14.     At all times material hereto, Plaintiff was entitled to the rights, protection and benefits provided under the FLSA and AMWA.

15.     Defendant Rineco Chemical Industries, Inc. ("Rineco"), is a for-profit, domestic corporation, created and existing under and by virtue of the laws of the State of Arkansas, providing waste management and environmental services.

16.     Defendant Rineco's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17.     During each of the three years preceding the filing of this Complaint, Defendant Rineco employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees

handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

18. Defendant Rineco's principal address is 819 Vulcan Road, Benton, Arkansas 72015.

19. Defendant Rineco's registered agent for service of process in the State of Arkansas is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas, 72201.

20. Defendant Rineco has all times relevant hereto employed four or more individuals.

21. Defendant Heritage Environmental Services, LLC ("Heritage"), is an Indiana limited liability company, providing waste management and recycling services.

22. Since March 8, 2017, Defendant Rineco has operated as a subsidiary of Heritage.

23. Defendant Heritage's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

24. During each of the three years preceding the filing of this Complaint, Defendant Heritage employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

25. Defendant Heritage's principal address is 5400 West 86th Street, Indianapolis, Indiana 46268.

26. Defendant Heritage's registered agent for service of process is C T Corporation System, 150 West Market Street, Suite 800, Indianapolis, Indiana 46204.

27. Defendant has all times relevant hereto employed four or more individuals.

28. Defendants acted jointly as the employer of Plaintiff and the proposed collective and class and are and have been engaged in interstate commerce as that term is defined under the FLSA and AMWA.

29. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

30. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as single enterprise.

## IV.   FACTUAL ALLEGATIONS

21. Plaintiff repeats and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

22. During Plaintiff's employment, Plaintiff worked for Defendants as a production worker and was responsible for assisting in the production and handling of Defendants' hazardous waste products.

23. Plaintiff and other production workers worked more than forty (40) hours per week on a regular, typical basis while working for Defendants.

24. Plaintiff and similarly situated employees are classified by Defendants as non-exempt under the FLSA, and are paid an hourly rate.

25. Defendants' hourly employees are not protected by the terms of any Collective Bargaining Agreement as that term is defined in Section 203(o) of the FLSA.

26. At all relevant times herein pursuant to Defendants' common and universal practice, Plaintiff and similarly situated employees were required to work off the clock, including but not limited to, the following two categories:

A. Reporting to work and donning clothing and personal protective equipment (PPE) prior to the time they were compensated, as well as remaining at work to doff and store and/or return clothing and personal protective equipment and shower after Defendants ceased compensating them ("donning and doffing time"); and

B. Walking to and from the donning and doffing areas to the production line prior to and at the end of each shift ("walking time").

27. The time spent in relation to donning and doffing, PPE and otherwise working for Defendants, including time spent in transit to and from changing areas to Defendants' production lines, was necessary and indispensable to Plaintiff's principal work, required by law and required by the nature of the work, but these activities occurred without compensation.

28. Walking time was necessary and indispensable to Plaintiff's principal work, but the activities of Plaintiff and similarly situated employees were not compensated by Defendants.

29. Plaintiff and similarly situated employees did not explicitly or implicitly agree to Defendants' failure to pay for donning and/or doffing time, either directly or

through any labor representative.

30. Plaintiff and similarly situated employees did not explicitly or implicitly agree to Defendants' failure to pay for walking time, either directly or through any labor representative.

31. At all relevant times herein, Defendants failed to accurately record all of the time worked by Plaintiff and similarly situated employees and has failed to properly compensate these same people for all of hours worked.

32. At all relevant times herein, Defendants have deprived Plaintiff and similarly situated employees of regular wages and overtime compensation for all of the hours over forty (40) per week.

33. Defendants knew or showed reckless disregard for whether the way it paid Plaintiff and other production workers violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

### A.   FLSA § 216(b) Collective

35. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

36. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

37. Plaintiff brings his FLSA claims on behalf of all hourly production workers, employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including overtime premiums for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

B. Liquidated damages and attorneys' fees and costs.

38. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

39. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

40. The members of the proposed FLSA Class are similarly situated in that they share these traits:

A. They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly;

C. They recorded their time in the same manner; and

D. They were subject to Defendants' common policy of denying pay for all hours worked, including proper overtime pay for hours worked over forty (40) per work week.

41. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 100 persons.

42. In the modern era, most working-class Americans have become increasingly reliant on email and text messages, and generally use them just as often, if not more so, than traditional U.S. Mail.

43. Defendants can readily identify the members of the Section 16(b) collective. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B. AMWA Rule 23 Class

44. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

45. Plaintiff proposes to represent the class of hourly production workers who are/were employed by Defendants within the relevant time period within the State of Arkansas.

46. Common questions of law and fact relate to all members of the proposed class, such as whether Defendants paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

47. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

48. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the

public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

49. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 100 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

50. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

51. Concentrating the litigation in this forum is highly desirable because Defendants are based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

52. No difficulties are likely to be encountered in the management of this class action.

53. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendants and experienced the same violations of the AMWA that all other class members suffered.

54. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

55. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the

extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

56. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

57. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

58. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

59. At all relevant times, Defendants have been, and continue to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

60. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

61. 29 U.S.C. §207 requires any enterprise engaged in commerce to pay all employees time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

62. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

63. Defendants' conduct and practice, as described above, has been and is

willful, intentional, unreasonable, arbitrary and in bad faith.

64.  By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

65.  Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

66.  Plaintiff repeats and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

67.  Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

68.  At all relevant times, Defendants have been, and continues to be, Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

69.  Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

70.  Defendants classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

71.  Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular

rate of pay for all hours worked over forty (40) in each one-week period.

72. Defendants willfully failed to pay overtime wages to Plaintiff.

73. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

74. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

75. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

76. Plaintiff asserts this claim on behalf of all hourly production workers employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours he and they worked in excess of forty (40) each week.

77. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

78. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA.

79. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

80. Defendants failed to pay Plaintiff and those similarly situated at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

81. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

**All hourly-paid production workers employed
by Defendants within the past three years.**

82. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

83. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

84. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### IX.   FOURTH CAUSE OF ACTION
### (Class Action Claim for Violation of the AMWA)

85. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

86. Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA.

87. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

88. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

89. Despite the entitlement of Plaintiff and members of the proposed class to overtime payments under the AMWA, Defendants failed to pay Plaintiff and members of the proposed class a lawful overtime premium.

90. Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid production workers employed
by Defendants within the past three years in Arkansas.**

91. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

92. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

93. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff James Worley, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

C. For orders regarding certification of and notice to the proposed collective and class action members;

D. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, and attendant regulations at 29 C.F.R. §516 *et seq.*;

E. A declaratory judgment that Defendants' practices alleged herein violate the AMWA and the related regulations;

F. Judgment for damages for all unpaid overtime compensation owed to Plaintiff and the proposed collective and class members under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

G. Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

H.     Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and the proposed collective and class members during the applicable statutory period;

I.     Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

J.     For a reasonable attorneys' fee, costs, and pre-judgment interest; and

K.     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JAMES WORLEY, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com n

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JAMES WORLEY, Individually and on**                                  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                        No. 4:18-cv-_____

**RINECO CHEMICAL INDUSTRIES, INC., and**
**HERITAGE ENVIRONMENTAL SERVICES, LLC**                  **DEFENDANTS**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly-paid production worker for Defendants within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _James Worley_
JAMES WORLEY

Date: August 20, 2018

*/s/ Josh Sanford*
**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**